## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHAROAH DR. ADMIRAL A.L.S.A. EL-BEY, : : : Plaintiff, : : v. : : UNITED STATES OF AMERICA, : : Defendant. : | Civil Action No. 13-6798 (SRC) **OPINION & ORDER** |

On October 10, 2013, the Clerk received from Pharoah Dr. Admiral A.L.S.A. El-Bey, also known as Jason Amin-Bey ("Plaintiff"), a two-page handwritten document labeled "Lawful Complaint Pursuant Exhibit A:184 F.R.D. 588★" stating that Plaintiff was seeking release from confinement. That filing gave rise to Bey v. United States of America, Civ. Action No. 13-6040 (SRC) (D.N.J.). See id. ECF No. 1. Since Plaintiff commenced that matter without submitting the applicable filing fee or a complete in forma pauperis application, this Court denied Plaintiff's implied application to prosecute that matter in forma pauperis without prejudice. See id., ECF Nos. 3, 4.

On October 23, the Clerk received from Plaintiff another handwritten document labeled "Complaint Pursuant Exhibit A Part 1★." That filing gave rise to Bey v. United States of America, Civ. Action No. 13-6340 (SRC) (D.N.J.). See id. ECF No. 1. The submission made in that matter also suggests that Plaintiff was seeking release from confinement on the grounds virtually identical to those raised in Bey, Civ. Action No. 13-

6040. Therefore, Bey, Civ. Action No. 13-6340, was terminated as duplicative of Bey, Civ. Action No. 13-6040. See Bey, Civ. Action No. 13-6340, ECF No. 2.

On November 11, the Clerk received from Plaintiff another set of handwritten documents, which have been docketed in this case. See Instant Matter, ECF Nos. 1 to 4. These documents are titled as follows: "Notice of an Original Action Complaint," "Notice to Amend Caption Per Probate," "Notice to Amend Caption Per Religion" and "Notice of Memorandum Per N.J. S[tat.] A[nn]. 3B:-11." Id. [1]

To the extent Plaintiff wishes to assert here a claim other than that asserted in Bey, Civ. Action No. 13-6040 (SRC), e.g., a malicious prosecution claim, Plaintiff has failed to pay the filing fee and not submitted a completed in forma pauperis application. Thus, because it appears that Plaintiff intend to prosecute this matter in forma pauperis, his application will be denied without prejudice, and this matter administratively terminated. [2] See Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013).

---

[1] The first of these documents suggests that Plaintiff intends to assert a malicious prosecution claim. An attachment to this first document, as well as the second document and the attachment thereto, indicates Plaintiff's interest in registering a juridical entity named "Ahezaahn Merchant Marine Chaplaincy Corp.," so it could supersede another juridical entity envisioned by Plaintiff, "The Al' Moroccan Moorish Mercenary Society of Lawful Merchant Marine Chaplaincy Corp." The third document and the attachment thereto indicates that Plaintiff perceives himself as a foreign corporation. The fourth document was apparently intended to function as Petitioner's testamentary statement.

[2] In the event Plaintiff is attempting to prosecute a claim on behalf of a corporate or other juridical entity, such juridical entity cannot prosecute an action in forma pauperis regardless of whether or not it relates itself to Moorish, Marrakush, sovereign citizenship or redemptionist religious or political beliefs. See Murakush Caliphate of Amexem Inc. v. New Jersey, 790 F. Supp. 2d 241, 265 (D.N.J. 2011) ("[N]o juridical entity can qualify as pauper under Section 1915, under any set of circumstances") (citations omitted).

To the extent Plaintiff wished to "register" his testamentary statement by submitting it to the Clerk, such submission could neither supply an imprimatur of validity to that statement nor transform it into an actual will.  See Marrakush Soc'y v. N.J. State Police, Nos. 09-2518, 09-2519, 09-2520, 09-2521, 09-2522, 09-3371, 09-3372, 09-3392, 09-3441, 09-3442, 09-3502, 09-3503, 09-3504, 09-3505, 09-3506, 09-3507, 09-3589, 09-3590 and 09-3591, 2009 U.S. Dist. LEXIS 68057, at *51, 97, nn.30, 48 (D.N.J. July 30, 2009) (holding that a document submitted for the purposes of being "on file" with a federal court does not become an operable legal instrument) ; cf. Estate of Casimir v. New Jersey, No. 09-4004, 2009 U.S. Dist. LEXIS 78113, at *8-10 and n.4 (D.N.J. Aug. 31, 2009) (stating that persons cannot legally inherit their own estates or their own, or anyone else's, physical bodies).

To the extent Plaintiff wished to assert challenges seeking release from confinement, these challenges will be dismissed as duplicative of those raised in Bey, Civ. Action No. 13-6040.

Accordingly,

**IT IS** on this 26th day of November, 2013,

**ORDERED** that Plaintiff's challenges to his confinement, if such were intended, are dismissed as duplicative; and it is further

**ORDERED** that Plaintiff's application to prosecute other claims in forma pauperis is denied without prejudice; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that, in the event Plaintiff wishes to proceed with litigation of this action, he shall either prepay his $400 filing fee or submit his duly executed in forma pauperis application. Such submission shall be made within thirty days from the date of entry of this Order; and it is further

**ORDERED** that, in the event Plaintiff timely prepays his $400 filing fee or submits his duly executed in forma pauperis application, he shall accompany the same with his amended complaint executed in compliance with the guidance provided to him in Bey, Civ. Action No. 13-6040, ECF No. 3, at 3-4; and it finally

**ORDERED** that the Clerk shall serve this Order upon Plaintiff by regular U.S. mail and include in the mailing: (1) a blank civil complaint form; (2) a blank in forma pauperis application for incarcerated individuals seeking to commence a civil action; and (3) a copy of this Court's decision docketed in Bey, Civ. Action No. 13-6040, as ECF No. 3.

____/s/_____
**Stanley R. Chesler**
**United States District Judge**