<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HOLY PHAROAH MELCHIZEDEK MALIK HA' EL CHIM RUSUL 'ALU ADMIRAL ALA'AD-DIN LUNARIEL SOLARIEL AL'AHEZAAH EL-BEY, ED.D, | : | |
| Plaintiff, | : | Civil Action No. 14-4801 (SRC) |
| v. | : | |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendant. | : | |
| PHAROAH DR. ADMIRAL A.L.S.A. EL-BEY, | : | |
| Plaintiff, | : | Civil Action No. 13-6798 (SRC) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **<u>OPINION</u>** |
| Defendant. | : | |

    These two matters are before the Court upon Plaintiff's submission of a civil complaint in <u>Holy Pharoah Melchizedek Malik Ha' El Chim Rusul 'Alu Admiral Ala'ad-din Lunariel Solariel Al'ahezaah El-Bey, Ed.D v. United States</u>, Civil Action No. 14-4801, and a document titled "Notice of Apostle of Direct Appeal to Moor" in <u>Amin-Bey a/k/a Pharoah Dr. Admiral A.L.S.A. El-Bey v. United States</u>, Civil Action No. 13-6798.

Plaintiff has an extensive history of litigation in this District, which has been detailed by this Court in Civil Action No. 13-6798, ECF No. 9.  The Court will not provide a complete recitation here.  Suffice it to say that Plaintiff, a federal pre-trial detainee currently confined and under treatment at the Medical Center at Devens, Massachusetts, has commenced numerous civil actions in this District.  Each of Plaintiff's previous civil actions have been terminated for failure to submit his filing fee or in forma pauperis ("IFP") application.  See, e.g., Civil Action No. 13-6798, ECF No. 9, ECF Nos. 9.  In each case, his requests for IFP status were denied without prejudice.  Additionally, Plaintiff's numerous deficient pleadings and post-pleading applications have been dismissed, with explanations as to why those submissions were deficient and with leave to file appropriate civil complaints.  See id.

Thus far, Plaintiff has not cured the deficiencies in his prior civil actions, and the submissions addressed in this Order suffer from similar deficiencies.  In Civil Action No. 14-4801, Plaintiff did not pay the filing fee or submit an IFP application, and he raises challenges that fall outside this Court's Article III mandate.  See id., ECF No. 1 (seeking production of the transcript from the St. Peter's University as to Plaintiff's alleged "Scholastic Preparation as a Graduate of the Jesuit University").  Furthermore, his "Notice of Apostle of Direct Appeal to Moor," filed in Civil Action No. 13-6798, is substantively identical to a filing that this Court deemed incoherent in another of his actions, Civil Action No. 13-5499.  See Civil Action No. 13-5499, ECF No. 17 (discussing ECF No. 16 filing).  More to the point, Plaintiff's incoherent filing in Civil Action No. 13-6798 does not constitute an IFP application.

Since Plaintiff's submissions do not qualify as valid IFP applications, this Court will deny him IFP status without prejudice and direct the Clerk to administratively terminate these

matters subject to reopening upon receipt of proper IFP applications and pleadings that supply this Court with subject matter jurisdiction over Plaintiff's claims.[1]

    An appropriate Order follows.

                                                    s/Stanley R. Chesler
                                                   STANLEY R. CHESLER
                                                   United States District Judge

Dated: September 26, 2014

---

[1] The Court will not construe Plaintiff's "Notice of Apostle of Direct Appeal to Moor" as a notice of appeal since Plaintiff's numerous appeals from this Court's prior rulings, which are substantively indistinguishable from the instant determination, have already been filed with the Court of Appeals for the Third Circuit and are currently pending before that Court.

3